975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard L. SUDRANSKI, Claimant-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7011.
 United States Court of Appeals, Federal Circuit.
 July 9, 1992.
Rehearings Denied Aug. 18, 1992.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Richard L. Sudranski appeals from a United States Court of Veterans Appeals (Veterans Court) judgment, No. 90-451, dismissing his appeal for lack of jurisdiction. We vacate and remand.
 
 BACKGROUND
 
 2
 The former Veterans Administration (VA) assigned Sudranski a 50 percent disability rating for a service-connected psychiatric disorder and granted him a permanent and total rating for pension purposes, effective to April 23, 1981. In February 1986, Sudranski sought an increased rating for his service-connected disability and a total rating based on individual unemployability. On October 1, 1986, the VA's regional office denied an increase above 50 percent and denied the unemployability claim. On October 6, 1986, Sudranski filed a Notice of Disagreement (NOD) initiating an appeal to the Board of Veterans Appeals (board).
 
 
 3
 In 1987 and 1988, Sudranski submitted additional information to the regional office, which reaffirmed its earlier decisions, and issued supplemental statements of the case. During this period Sudranski claimed service connection for a skin disorder and a joint disorder.[1]
 
 
 4
 On March 23, 1989, the board reviewed Sudranski's case and noted that the regional office had not considered Sudranski's claims relating to the skin disorder and the joint disorder. The board remanded the case to the regional office,
 
 
 5
 for its consideration of all the evidence received since the case was transferred to the Board of Veterans Appeals, including the May 1988 report of Daniel E. Lonnquist, Ph.D., and the August 1988 letter from Cathy Cummings. If, after consideration of the additional evidence, the decision of the agency of original jurisdiction remains adverse to the appellant, a supplemental statement of the case should be issued and the veteran and his representative allowed a reasonable time to respond. Then the case should be returned to the Board if otherwise in order. Nothing is required of the veteran unless he receives further notice.
 
 
 6
 On April 14, 1989, the regional office confirmed its prior decisions and ordered further medical examination on the skin and joint disorder matters. Two supplemental statements of the case were issued in May 1989 and the case file was returned to the board.
 
 
 7
 On May 21, 1989, Sudranski wrote to the Chairman of the board vigorously protesting the regional office's April 14 decision and the supplemental statements of the case. The issues in this appeal revolve around this document.
 
 
 8
 On February 22, 1990,[2] the board issued its decision, concluding that (1) Sudranski was entitled to a 100 percent rating for his paranoid disorder, (2) before January 1986, Sudranski was not unemployable due to service-connected disability, and (3) the rating for pension purposes was not effective before April 23, 1981.
 
 
 9
 Sudranski appealed to the Veterans Court. The Secretary moved to dismiss on the ground that Sudranski had not filed a NOD after November 18, 1988 as required by 38 U.S.C. § 7251 Note.
 
 
 10
 On November 6, 1990, a single judge of the Veterans Court ordered Sudranski's appeal dismissed, stating: "[I]t appears that the May 21, 1989, letter filed by appellant was not filed at the VARO [regional office] and thus was not a valid NOD under the provisions of 38 U.S.C. § 4005(b)(1)." A three-judge panel of that court thereafter on April 10, 1991 denied reconsideration noting that the appeal had been dismissed "because appellant filed [his NOD] with the Board of Veterans Appeals instead of the agency of original jurisdiction, in this case, the Department of Veterans Affairs Regional Office." The panel further declined to apply the principles of equitable tolling set forth in Irwin v. Veterans Administration, 111 S.Ct. 453 (1990).
 
 
 11
 On September 12, 1991, the Veterans Court denied en banc review, stating in a "PER CURIAM statement":
 
 
 12
 We have held that subsequent adjudications along the path to an appeal may give rise [to] supplemental NODs. Whitt v. Derwinski, U.S. Vet.App. No. 89-16 (Oct. 12, 1990) reh'g denied (Dec. 6, 1990). However, it would be a non sequitur, as well as legal error, for this Court to assume jurisdiction on the basis of a purported NOD which could not have been filed until the BVA review which an NOD was intended to generate already had ended in a final decision.[3]
 
 
 13
 A concurring opinion and a separate opinion followed. The separate opinion raised the issue of whether, in view of the Veterans Court's precedent, a document filed with the wrong entity, but nevertheless received by the right entity within the requisite time frame, should be deemed to be timely filed.
 
 DISCUSSION
 
 14
 Pursuant to 38 U.S.C. § 7292, this court may review cases where the Veterans Court has interpreted a constitutional, statutory, or regulatory provision. This is such a case as it involves 38 U.S.C. § 7105, governing the filing of NODs, the implementing regulations, 38 CFR § 19.117 and § 19.118, and other provisions.
 
 
 15
 Sudranski contends on appeal[4] that he filed a post-November 18, 1988 NOD with the correct entity--the board--because the board had custody of his claims folder. In support of this position, Sudranski relies on the Department of Veterans Affairs' Adjudications Operations Manual, M21-1 at § 18.01(a). Section 18.01(a) provides:
 
 
 16
 An appellate review is initiated by receipt of a notice of disagreement, in writing, filed with the activity which made the determination with which disagreement is expressed (agency of original jurisdiction), followed by receipt of a substantive appeal after a copy of the statement of the case (citation omitted) has been furnished the claimant. For the purpose of this chapter, "agency of original jurisdiction" is a generic term applying to all activities having original jurisdiction to make decisions on claims for the benefit in issue. The activity in the office having current custody and jurisdiction of the applicant's claims folder will be considered the activity which entered the determination with which disagreement is expressed [emphasis added].
 
 
 17
 Although Sudranski presented this argument to the Veterans Court, the issue was not decided.
 
 
 18
 As an alternative ground for affirming the judgment, the Secretary also presents on appeal an argument that was not considered by the Veterans Court. The Secretary contends that Sudranski's May 21, 1989 letter cannot be a NOD because a new or supplemental NOD was not required to initiate review by the board. 38 CFR § 19.182. The appeal and consideration of the case, including the issues raised by the remand order, occurred by reason of a regulatory requirement, 38 CFR § 19.182, and because of the remand order itself.
 
 
 19
 Because the issues raised in this appeal have not been analyzed by the Veterans Court, we deem remand to be appropriate. The Veterans Court's judgment is therefore vacated and the case is remanded for further proceedings consistent with this opinion.
 
 COSTS
 
 20
 Each party to bear its own costs.
 
 
 
 [1]
 Sudranski also claimed entitlement for increased compensation for his former spouse before dissolution of their marriage, but this claim has received no further mention at any level
 
 
 [2]
 Sudranski states in his briefs that the board's decision was issued February 22, 1990, whereas the Secretary states that it was issued July 26, 1990. The date on the decision itself is illegible except for "1990." Because the decision date is not critical, we will assume the February date is correct
 
 
 [3]
 Apparently this statement was in response to Sudranski's argument that 38 CFR § 19.129 provides that a NOD must be filed within one year of the date of the decision being appealed. In this case, his NOD reached the regional office within the one-year period when the board returned the claims folder to the regional office after issuing its February 22, 1990 decision
 
 
 [4]
 Sudranski has moved for leave to file an informal reply brief in excess of the five page limit prescribed by Fed.Cir.R. 31(e). The motion is granted